In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00408-CV
_____

IN RE JAMES RICHARDS

_____

Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 01-09-05913-CV

_____

MEMORANDUM OPINION

In an original proceeding for a writ of mandamus, James Richards contends

the trial court abused its discretion when it signed orders in Richards' civil

commitment proceeding ("SVP case").[1] Richards argues that all orders in Trial

_____

[1]Richards' mandamus petition is deficient in several respects. Some of the orders he refers to in his petition were signed by judges other than the respondent. Richards does not claim and has not shown that he ever asked the respondent to vacate the orders Richards contends are void. He has neither identified the State of Texas as the Real Party in Interest nor has he shown that he served a copy of his mandamus petition on the counsel representing the State in the SVP commitment case. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See id*. 2.

1

Cause Number 01-09-05913-CV that have been signed by judges sitting as the 435th District Court are void because the judge presiding as the 221st District Court signed the original order committing Richards to civil commitment as a sexually violent predator in 2003. We deny mandamus relief.

Richards acknowledges that in 2007, the Local Administrative Judge for Montgomery County transferred Trial Cause Number 01-09-05913-CV from the 221st District Court to the 435th District Court.[2] Citing Government Code section 74.093, Richards argues in his mandamus petition that his case "was subject to the jurisdictional limitation that jurisdiction remains in the committing court."[3] Richards

---

[2]The order, which Richards included in the appendix to his mandamus petition, states:

> It is hereby ORDERED that all civil commitment of sexually violent predator cases under the Texas Health and Safety Code Chapter 841, filed in Montgomery County, Texas, be assigned to the 435th Judicial District Court of Montgomery County, Texas. This order shall include all previously filed cases as well as any new cases.

[3]Section 74.093 requires that local administrative rules provide for "assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts[.]" *See* Tex. Gov't Code Ann. § 74.093(b)(1). The same section provides:

> Rules relating to the transfer of cases or proceedings shall not allow the transfer of cases from one court to another unless the cases are within the jurisdiction of the court to which it is transferred. When a case is transferred from one court to another as provided under this section, all processes, writs, bonds, recognizances, or other obligations issued from the transferring court are returnable to the court to which the case is transferred as if originally issued by that court.

*Id.* § 74.093(d).

2

misunderstands the provision "subject to jurisdictional limitations" as it is used in section 74.093. *See* Tex. Gov't Code Ann. § 74.093. Both the 221st District Court and the 435th District Court are district courts of general jurisdiction. *See id.* §§ 24.007; 24.399; 24.579. Therefore, the subject matter of Trial Cause Number 01-09-05913-CV is "within the jurisdiction of the court to which it is transferred." *See id.* § 74.093(d). Accordingly, "all processes . . . issued from the transferring court are returnable to the court to which the case is transferred as if originally issued by that court." *Id.*[4]

When the local administrative judge assigned all SVP cases to the 435th District Court, the 435th District Court became the court of continuing jurisdiction over Trial Cause Number 01-09-05913-CV. *See id.* § 74.094. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 24, 2024
Opinion Delivered February 1, 2024
Before Golemon, C.J., Horton and Wright, JJ.

---

[4]Section 74.094 provides:

A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judgment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter. The authority of this subsection applies to an active, former, or retired judge assigned to a court having jurisdiction as provided by Subchapter C.